# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HERIBERTO TORRES, JR.,** | : | No. 3:09cv1070 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| | : | |
| **JERRY C. MARTINEZ, Warden** | : | |
| **LSCI Allenwood,** | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is the plaintiff's petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241. (Doc. 1). Having been fully briefed, the matter is ripe for disposition.

## I. BACKGROUND

Petitioner Heriberto Torres is currently incarcerated at the Low Security Correctional Institution at Allenwood in White Deer, Pennsylvania ("LSCI Allenwood"). (Petition for Writ of Habeas Corpus at ¶ 1, p. 1) (hereinafter "Petition"). Petitioner Torres is serving the remainder of a 120-month sentence for violating 18 U.S.C. § 924(c), possession of firearms, including a semiautomatic assault weapon, in furtherance of drug trafficking, and 18 U.S.C. § 1952(A)(3), interstate travel in furtherance of drug trafficking. (Id.,

Ex. B, "Sentence Monitoring Report Sheet"). Petitioner Torres is projected to be released from Bureau of Prisons custody on October 9, 2010. (Id.). The petitioner's placement date in a residential re-entry center ("RRC"), also known as a community corrections center ("CCC"), has been determined by the Bureau of Prisons to be between 5 and 6 months prior to his release date. (Petition at ¶ 7).

Torres files this petition for a writ of habeas corpus *pro se*, arguing that Bureau of Prisons pre-release policies violate 18 U.S.C. § 3624(c), as amended by the Second Chance Act.[1] An April 18, 2008 memorandum requires a Warden to obtain written concurrence from the Regional Director before submitting a request to place inmates in an RRC for a period greater than six months. (Id. at ¶¶ 4-7). The petitioner alleges that the Bureau of Prisons categorically denied him the full 12-month placement in an RRC by following the April 14, 2008 Memorandum, which is contrary to the Second Chance Act and "inconsistent" with Strong v. Schultz, 599 F.Supp. 2d 556

---

[1] The Second Chance Act (Pub.L. 110-199, Title II, § 251(a), Apr. 9, 2008, 122 Stat. 692) re-wrote the pre-release custody placement statute by increasing the potential pre-release placement period from six to twelve months. 18 U.S.C. § 3624(c)(1). Moreover, it required the Bureau of Prisons to issue regulations ensuring that RRC placement decisions were made: (A) consistent with the factors in 18 U.S.C. § 3621(b); (B) on an individualized basis; and (C) so the duration of the placement period gives the inmate the greatest likelihood of successful community reintegration. 18 U.S.C. § 3624(c)(6).

(D.N.J.2009). (Petition at ¶¶ 6-9). Petitioner Torres concedes that he has yet to exhaust all of his administrative remedies, but he argues that he would be further prejudiced by time constraints due to his impending transfer to pre-release custody or outright completion of his sentence if he were to exhaust review. (Id. at ¶ 11).

## II. JURISDICTION

Because this case is brought pursuant to 28 U.S.C. § 2241, the court has jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

## III. STANDARD OF REVIEW

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A habeas petition and any supporting submissions filed *pro se* must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989). However, a federal district court can dismiss a habeas petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v.

Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir.1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

Petitioner Torres seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241"). That statute "confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who 'is in custody in violation of the Constitution or laws or treaties of the United States.'" Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001). The federal habeas statute also requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng v. Cook, 490 U.S. 488, 490-91 (1989)).

Section 2241, unlike other federal habeas statutes, "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady, 251 F.3d at 485. (quoting 28 U.S.C. §§ 2241(a) and (c)(3)). Although the Third Circuit has yet to define clearly the meaning of "execution" in this context, it has cited approvingly holdings from other circuits finding that a Section 2241 motion properly challenges "'such matters as the administration of parole, computation of a

4

prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.'" Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 242 (3d Cir. 2005) (quoting Jimian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001)). The Third Circuit Court of Appeals has also found Section 2241 the appropriate means for challenging a decision to exclude an inmate from release to an RRC. See Woodall, 432 F.3d at 243-44.

## III. DISCUSSION

**A. Exhaustion of the Petitioner's Administrative Remedies Regarding His RRC/CCC Placement**

Although Section 2241 does not contain a statutory exhaustion requirement, courts in the Third Circuit have consistently required a petitioner to exhaust his administrative remedies prior to petitioning for a writ of habeas corpus. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir.1996) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir.1981) (per curiam)); e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000). The Third Circuit requires administrative exhaustion for habeas claims raised under Section 2241 for the following reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2)

permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (3d Cir. 1996) (citations omitted).

The Supreme Court recognizes that: "'it is a principle controlling all habeas corpus petitions to the federal courts, that those courts will interfere with the administration of justice . . . only in rare cases where exceptional circumstances of peculiar urgency are shown to exist.'" Rose v. Lundy, 455 U.S. 509, 515-516 (1982) (quoting Ex parte Hawk, 321 U.S. 114, 117 (1944)) (internal quotations and footnote omitted)); e.g. Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion of administrative remedies not required where petitioner demonstrates futility).

The Bureau of Prisons has a three-level Administrative Remedy Program that is available to inmates for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. An inmate must first attempt informally to resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If the concern is not informally resolved, an inmate may file an appeal to the Warden of the institution where he is confined. 28 C.F.R. § 542.14. An inmate may then further appeal an adverse decision to the

Regional Director. 28 C.F.R. § 542.15(a). The inmate may then make a final administrative appeal to the Bureau of Prisons's Central Office. Id. No administrative remedy appeal is considered to have been fully and finally exhausted until it has been denied by the Bureau of Prisons's Central Office. Id. If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

Petitioner Torres admits that he did not exhaust administrative remedies available to him before filing this petition for a writ of habeas corpus. The petitioner indicates that "the administrative remedy process is so time consuming that the filing of administrative remedies would further prejudice Petitioner as it takes approximately seven to eight months to complete." (Petitioner's Reply Brief (Doc. 8) at p. 1). He alleges that if the Bureau of Prisons were to comply with the Second Chance Act and refer him for a full twelve-month RRC placement, he would be placed into the pre-release program on October 9, 2009. (Id.). He argues that there is not sufficient time to file and complete the administrative remedy process. (Id.). Furthermore, the petitioner asks us to be guided by Strong v. Schultz, 599 F.Supp. 2d 556

(D.N.J. 2009), where that court directed the Bureau of Prisons immediately to reconsider the petitioner for RCC placement longer than six months.

There is no evidence that indicates the petitioner took any steps in the formal administrative remedy process during the lengthy time frame he was afforded. (See Respondent's Brief, Ex. 1, ¶¶ 9-10). Petitioner Torres provides documents that indicate his pre-release placement time was determined on December 19, 2008. (Petitioner's Reply Brief, Ex. RA). Had Petitioner Torres submitted a Bureau of Prisons complaint in December 2008, he would have had nearly twenty-two months to submit to administrative review and the appeals process. As of June 5, 2009, when the petition was filed with this court, Torres still had sixteen months remaining until his anticipated release date. The facts, as alleged, demonstrate an unwillingness by the petitioner to seek out administrative remedy.

In Strong, the facts show that the petitioner received reconsideration for RRC placement partly because he had exhausted his administrative remedies. The petitioner in that case sought twelve-month pre-release placement because he had been diagnosed with HIV/AIDS and needed to obtain medical care and substance abuse treatment before securing employment. Strong, 599 F.Supp. 2d at 560. After fully exhausting his

8

complaint within the Bureau of Prisons, the petitioner was able to receive an increase from sixty days to six months pre-release placement. Subsequently, the petitioner felt his particular circumstances warranted more time in an RRC, which led him to petition in federal court. Id. at 561.

The court finds that Petitioner Torres has shown neither a peculiar urgency or that his administrative remedies would be futile. Exhaustion of administrative remedies is not rendered futile just because a prisoner anticipates he will be unsuccessful in his administrative appeals before the twelve-month pre-release mark, which is simply a statutory maximum and not a mandate. See 18 U.S.C. 3624(c)(1)-(6). As such, the petitioner had adequate time to exhaust his administrative remedies. Considering the petitioner's own eight-month estimate of the time it would take to exhaust review, the court finds that Petitioner Torres could have taken his claim well into the administrative appeals process prior to seeking relief from this court. See Shoup v. Schultz, No. 08-3821, 2009 WL 1544664 at * 3 (D.N.J. June 2, 2009) (dismissing petitioner for failure to initiate administrative review); Cooper v. Grondolsky, No. 09-2970, 2009 WL 2049168 at *4 (D.N.J July 08, 2009) (refusing to excuse petitioner's failure to at the very least submit an administrative remedy request to the Warden); Breazeale v. Shultz, 09-2118,

9

2009 WL 1438236 at *3 (D.N.J. May 19, 2009) (same). Accordingly, the court will dismiss the petition for a writ of habeas corpus pursuant to Section 2241 for failure to exhaust administrative remedies.

**B. Bureau of Prison Policies Regarding Approval by Regional Director for Pre-Release RRC/CCC Placement Beyond Six Months**

In the interest of completeness, the court will address the merits of the petition. Torres asserts that the April 14, 2008 Bureau of Prison Memorandum imposes a policy of categoric pre-release placement for a time of six months or less because placement for a period greater than six months requires approval by a Bureau of Prisons Regional Director. (Petition at ¶ 5). The petitioner states that denying prison staff the discretion to recommend a placement longer than six months without advance written approval by a Regional Director is inconsistent with 18 U.S.C. 3624(c), as interpreted in Strong, 599 F.Supp. 2d at 561-62.

In Strong, the court found that the policies elaborated in the April 14, 2008 Memorandum were in violation of regulatory guideposts included in the Second Chance Act's amendments to 18 U.S.C § 3624(c). 599 F. Supp. 2d at 563. It held that the "[m]emorandum impermissibly constrains staff's discretion to designate inmates to a CCC for a duration that will provide the

10

greatest likelihood of successful reintegration into the community, contrary to § 3624(c)(6)(C)." Id.

There is evidence that the April 14, 2008 Memorandum has been replaced with formal federal regulations applicable to the petitioner. Id. at 562-63. Interim regulations passed on October 21, 2008 (73 Fed. Reg. 62440) state that "[i]nmates may be designated to community confinement as a condition of prerelease custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months." 28 C.F.R. § 570.21(a). Moreover "[i]nmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. § 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part." 28 C.F.R. § 570.22 (Oct. 22, 2008).

The court finds that the Bureau of Prisons did not violate the Second Chance Act when it determined that Petitioner Torres would be placed in pre-release custody for six months, regardless of whether it followed the April 18, 2008 Memorandum or the October 2008 Regulations when it reviewed the petitioner's case. In doing so, the court declines to extend the reasoning of Strong to the petition before us. Unlike Strong, the petitioner has provided no

reason why he requires more than six months of pre-release placement, other than that it would give him the greatest likelihood of successful reintegration.

The evidence indicates that the petitioner's unit team at LCSI Allenwood applied the guidelines set forth in the Second Chance Act. Bureau of Prisons staff members considered the factors of 18 U.S.C. § 3621(b)[2] when they evaluated Petitioner Torres in December 2008. (See Petitioner's Reply Brief, Ex. RA). There is no evidence that the petitioner was categorically granted less than six months placement in an RRC. He was evaluated on an

---

[2] 18 U.S.C. § 3621(b) provides:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--
>
> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence--
>     (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>     (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28...
>
> ...Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.

12

individual basis, as 18 U.S.C § 3624(c) requires.  Tthe court will not override the judgment of Bureau of Prisons staff in determining the time necessary for Petitioner Torres's successful reintegration, since these decisions are generally best left to the discretion of prison officials.  LSCI Allenwood staff did not disregard important personal circumstances that would have warranted consideration for longer placement in pre-release custody.   As such, the court finds that Petitioner Torres has offered no legal basis to support a reconsideration of his RRC placement date.  He merely disagrees with the recommended length of RRC placement.   Those are not grounds for issuing a writ of habeas corpus.

 **CONCLUSION**

For the reasons stated above, the court will dismiss the petition for a writ of habeas corpus.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HERIBERTO TORRES, JR.,** | : | No. 3:09cv1070 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **JERRY C. MARTINEZ, Warden** | : | |
| **LSCI Allenwood,** | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

# **ORDER**

**AND NOW**, to wit, this 12th day of August 2009, the instant petition for a writ of habeas corpus (Doc. 1) is hereby **DENIED**. The Clerk of Court is directed to **CLOSE** the case.

                                                **BY THE COURT:**

                                                **s/ James M. Munley**
                                                **JUDGE JAMES M. MUNLEY**
                                                **United States District Court**